**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     1:16-cv-00523-RPM

ADRIANA HENDERSON,

    Plaintiff,

v.

PACIFIC SPECIALTY INSURANCE COMPANY,

    Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Pacific Specialty Insurance Company ("Pacific"), through its attorneys Gifford Stevens, LLC, pursuant to Fed.R.Civ.P. 56, moves for summary judgment on all of Plaintiff's claims at issue in this matter and in support of this motion states as follows:

### I. INTRODUCTION

Pacific requests that the Court enter judgment in favor of Pacific and against Plaintiff on Plaintiff's claims for breach of the insurance contract, common law bad faith, and violation of C.R.S. §§ 10-3-1115 and 10-3-11116 because Plaintiff cannot muster sufficient evidence to prove her claims and trial on these claims would be futile.

On September 1, 2015 Plaintiff contacted Pacific to report a property damage claim and asserted that a hail storm on June 24, 2015 caused damaged to her home.

Pacific retained U.S. Adjusting to inspect the home at a time convenient for Plaintiff and U.S. Adjusting sent a Haag Certified roofing inspector and estimator, Dan Pszanka, to the home at the date and time appointed by Plaintiff.  Plaintiff's contractor at the time, Mark Clemons, was present for the inspection.  Mr. Pszanka reported to Pacific that there was no hail or wind damage to the exterior of the home, that water damage was found on the ceiling of the master bedroom closet, and that the interior damage was caused by water leaking through a gap in the chimney flashing.  The interior water damage was covered but the repair cost was below the deductible on Plaintiff's policy.

Pacific advised Plaintiff on November 5, 2015 that the inspector found no hail or wind damage on the exterior of the home and found that the water damage to the drywall ceiling of the bedroom closet was below the deductible for her policy.  On November 6, 2015, Plaintiff signed a contract with Mark Clemons as a public adjuster and met with attorneys to plan her lawsuit against Pacific.  Plaintiff obtained an estimate from Mr. Clemons on or about November 19, 2015, but did not provide that estimate to Pacific until it was disclosed in this lawsuit by her attorneys on February 29, 2016.

The estimate by Mark Clemons did not describe any hail or wind damage to the exterior of the home and no report was provided describing any such damage.  The estimate simply alleged that the replacement costs would be approximately $64,000 and included photographs neither showing nor describing any hail or wind damage.  Plaintiff also disclosed a prior estimate by roofing contractor Brigham Preston that was created on August 11, 2015, and asserted that repair costs would be approximately $13,000.  Mr. Preston's estimate, as with Mr. Clemons' estimate, did not describe any

hail or wind damage and was likewise not accompanied by any report describing any such damage.

In the course of discovery in this lawsuit Pacific had the home re-inspected by roofing engineer John Gimple. He found that the home did not have any hail or wind damage and agreed with the conclusions originally drawn by Dan Pszanka at the first inspection at the commencement of the claim. Mr. Pszanka and Mr. Gimple were disclosed as expert witnesses to testify as to the results of their inspections and their opinions on whether hail or wind damage was present. Plaintiff's contractors Brigham Preston and Mark Clemons were not disclosed as expert witnesses and will not be providing any opinions on whether hail or wind damage occurred.

In the course of evaluating Plaintiff's claim between its inception on September 1, 2015 and the decision on November 5, 2015, the only information provided to Pacific on whether hail or wind damage occurred was the inspection and report by Dan Pszanka finding no hail or wind damage. Plaintiff retained legal counsel within days of the denial of the claim and her counsel sent a letter of representation to Pacific on November 19, 2015. That letter did not dispute the claim decision, but it instructed Pacific not to contact Plaintiff any further other than through legal counsel. Plaintiff then filed suit on January 14, 2016, without any further communication with Pacific after November 19, 2015.

With the information provided to Pacific from the inception of the claim on September 1, 2015 to the decision on November 5, 2015, Pacific made the reasonable decision based upon Dan Pszanka's inspection and report to deny the claim for exterior

damage due to lack of any hail or wind damage and to advise Plaintiff that the water damage to the closet ceiling was below the policy deductible.  In this lawsuit, Plaintiff has not produced any reliable evidence that Pacific's decision was incorrect, or that it was unreasonable, or that Pacific knew that it was unreasonable.  Plaintiff cannot prove her claims for breach of contract, bad faith, and violation of C.R.S. 10-3-1115 and trial on these claims would be a waste of the Court's resources.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff alleges that her home was damaged by wind and hail on June 24, 2015 (Doc. 17, Scheduling Order, at p. 2, section 3; Doc. 4, Complaint, at ¶ 7.)

2. Plaintiff reported the loss on September 1, 2015. (**Exhibit A**, Henderson Depo. Exh. 11). Plaintiff reported hail damage to her roof, siding, gutters, and windows, and also reported water damage to the master bedroom closet ceiling. (Exhibit A, p. 3.)

3. Pacific hired U.S. Adjusting to inspect the home and U.S. Adjusting (through its inspector, Dan Pszanka) found no hail or wind damage to the home. (**Exhibit B**, Pszanka report; and **Exhibit C**, Defendant's Expert Disclosure, p. 2.)

4. Dan Pszanka found water intrusion caused by poor roof construction which allowed water to enter at the chimney cap. (Doc.# 17, at p. 2, section 3; Exhibit B, at p. 2.) The damage to the ceiling closet was estimated at $558.10 for repair.  (Exhibit B, at p. 2.)

5. Pacific retained roof engineer John Gimple to re-inspect the home in April of 2016 and he confirmed that there was no hail or wind damage to the exterior of the

home and that the water damage in the closet was caused by faulty chimney cap flashing. (**Exhibit D**, Gimple report, pp. 4-7; Exhibit C, Defendant's Exp. Discl., p. 1.)

6. Mark Clemons described no hail damage in his estimate provided to Plaintiff in November of 2015. (**Exhibit E**, Depo. M. Clemons, p. 142, ll. 20-22; p. 143, l. 7 to p. 144, l. 3; p. 144, ll. 11-17; p. 147, ll. 11-19.)

7. Brigham Preston described no hail damage in his estimate provided to Plaintiff in August of 2015. (**Exhibit F**, Depo. B. Preston. P. 61, ll.7-16.)

8. Neither Brigham Preston's estimate nor Mark Clemons' estimate were provided to Defendant during the claims process.

9. The only report and estimate provided to Pacific during the claim process was that of Dan Pszanka of U.S. Adjusting.

10. Pacific's expert witnesses, Dan Pszanka and John Gimple, will testify that they inspected the home and found no hail or wind. They agree that water damage to closet ceiling drywall occurred due to water seeping in at an improperly flashed Chimney cap.

11. Plaintiff will not present expert testimony from anyone who inspected the roof.

### III. LEGAL ARGUMENT

Plaintiff has alleged breach of contract, common law bad faith breach of contract, and violation of C.R.S. § 10-3-1115 which claim is also referred to as statutory bad faith. Plaintiff has the burden of proof by a preponderance of the evidence on these three claims and therefore has the burden to come forward with evidence sufficient to support

these claims to avoid summary judgment. She cannot meet her burden of proof or her burden of going forward based upon the evidence produced in the discovery phase.

### A. Standard for Summary Judgment

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). A party who will bear the burden of proof at trial on a claim must submit evidence to establish every essential element of that claim. *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the

case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir.1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991). If no reasonable juror could find for the non-moving party based on the evidence present in the motion and response, then summary judgment is proper and a trial is unnecessary. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Here, Plaintiff has not presented evidence of a breach of contract by Pacific in investigating and determining the validity of the claim presented on September 1. Further, Plaintiff has no evidence that could lead a reasonable juror to determine that Pacific's decision in denying the claim was unreasonable under the circumstances presented by the claim. Finally, Plaintiff has no evidence of an knowledge on the part of Pacific that its claims decision was incorrect.

  **B.**  **<u>Plaintiff Cannot Prove Breach of Contract</u>**

Under diversity jurisdiction, the federal court applies the substantive law of the forum state. *Blackhawk-Central City Sanitation Dist. v. American Guaranty & Liability Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir.2000). Therefore, the law of Colorado should govern the interpretation of the underlying claims and the insurance policies involved in this dispute. *Id.*; *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 513 (10th Cir.1994); *Johnson v.*

7

*Liberty Mut. Fire Ins. Co.*, 653 F.Supp.2d 1133, 1137-1138 and 1145 (D.Colo. 2009) ("In making such a prediction, the Court may look to state appellate court decisions, decisions from other jurisdictions, statutes, and treatises.").

"Interpretation of an insurance policy is governed by traditional principles of contract law." *Graham, at 347; Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). The insured has the burden of proving that coverage applies under the general grant of coverage in the policy, while the insurer has the burden of proving that exclusions to the general grant of coverage apply. *Rodriguez v. Safeco Ins. Co.*, 821 P.2d 849, 853 (Colo. App. 1991); *Novell v. American Guar. and Liability Ins. Co.*, 15 P.3d 775, 778 (Colo. App. 1999).

Under Colorado law, a breach of contract claim has four elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1204 (D. Colo. 2015); *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, Plaintiff cannot prove the third and fourth elements of the claim. Plaintiff filed an insurance claim for hail and wind damage to her home. She did not present Pacific with any evidence of hail or wind damage. Pacific retained a third-party inspector and estimator to inspect the home and determine whether any hail or wind damage occurred. That inspector found none. Plaintiff did not present anything to Pacific to contradict the results of the inspection. Instead, she retained Mark Clemons as a public adjuster the day after the claim was denied and Mr. Clemons brought her in to see her

current attorneys on November 6, the day after the denial of the claim. Her attorneys prevented Pacific from having any further contact with Plaintiff and suit was filed before any discussion could be had about whether Plaintiff disagreed with Pacific's decision and what fact existed to contradict the only inspection and evaluation provided to Pacific up to that point. After suit was filed, Plaintiff's attorneys produced estimates from Brigham Preston and Mark Clemons showing the cost of replacing the roof, but neither estimate offered any facts to show that the replacement would have been due to wind or hail damage.

With respect to damages, Plaintiff has not replaced her roof or performed any other work on the home since making the claim on September 1, 2015. She has not expended any resources as a result of any alleged damage to the home and has disclosed no payments to Brigham Preston, Mark Clemons, or her attorneys. In particular, Plaintiff cannot associate any alleged damage to a claim that should have been paid or a claim that was unreasonably delayed or denied.

Lacking any evidence to support these necessary elements, Plaintiff cannot carry her burden of proof on the claim for breach of contract.

### C. **Plaintiff Cannot Prove Common Law Bad Faith Breach of Contract**

"Under Colorado law, claims for bad faith breach of contract arise by virtue of the special relationship between the insurer and insured, which in turn imbues every insurance contract with an implied duty of good faith and fair dealing that is actionable in tort." *Johnson v. Liberty Mut. Fire Ins. Co.*, 653 F.Supp.2d 1133, 1144 (D.Colo. 2009), citing *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004).

In the context of first-party benefits under a property damage provision of a homeowner policy, an insurer acts in bad faith in delaying the processing of or denying a valid claim when the insurer's conduct is unreasonable and the insurer knows that the conduct is unreasonable or recklessly disregards the fact that its conduct may be unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275-76 (Colo. 1985). This standard reflects a reasonable balance between the right of an insurance carrier to reject a non-compensable claim submitted by its insured and the obligation of such carrier to investigate and ultimately approve a valid claim of its insured.  *Id.*  "If an insurer does not know that its denial of or delay in processing a claim is unreasonable, and does not act with reckless disregard of a valid claim, the insurer's conduct would be based upon a permissible, albeit mistaken, belief that the claim is not compensable." *Id.*, at 1276; *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 572 (Colo. App. 2003).

It is important to note in the context of a common law claim that it is not bad faith to make a mistake on whether a home has been damaged by wind or hail. It would be bad faith if the insurer knew that its position was unreasonable or was reckless as to whether its position was unreasonable.  Here, it appears from the record that the only inspection report provided to Pacific during the claim process was the report od Dan Pszanka in which he stated that he inspected the entirety of the exterior of the home and found no hail damage and no wind damage.  Plaintiff may have thought her home was damaged by hail, or may have been led to believe that by her contractors, but apparently none of her contractors were willing provide a written report describing any

10

such damage.  There is no evidence of a valid insurance claim.  And importantly for this common law bad faith claim, there is no evidence to support an allegation that the insurer knew that it was denying a valid claim or was reckless as to whether a denial of a covered benefit was improper.

### D. Plaintiff Cannot Prove Statutory Bad Faith under C.R.S. § 10-3-1115

Sections 10-3-1115 and 10-3-1116 impose a statutory standard of liability in addition to and different from liability under common law bad faith in that the statutory standard expressly deletes the requirement that an insurer knew that its denial was unreasonable or that the insurer recklessly disregarded the fact that its denial was unreasonable.  *Kisselman v. American Family Mut. Ins. Co.*, 292 P.2d 964, 972-973 (Colo. App. 2011).  Section 10-3-1115 states that "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."  C.R.S. § 10-3-1115(1)(a).

Unlike the common law bad faith claim, the only element at issue in the statutory claim is whether an insurer denied benefits without a reasonable basis.  *Vaccaro v. American Family Ins. Group*, 275 P.3d 750, 760 (Colo. App. 2012).  An insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action. C.R.S. § 10-3-1115(2); *Kisselman*, at 973; *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 2198515, *4 (Colo. App., May 7, 2015). "If a reasonable person would find that the insurer's justification for denying or delaying payment of a claim was fairly debatable (i.e., reasonable minds could disagree as to the coverage-determining facts or law) . . . this

weighs against a finding that the insurer acted unreasonably." *Fisher*, at *4; *Sanderson v. American Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010).

Plaintiff cannot meet her burden of proof on this statutory claim. She has produced no evidence to support the conclusion that Pacific had no reasonable basis to deny the claim for wind and hail damage. Plaintiff asserted on September 1, 2015, that her home encountered damage from a hail storm on June 24, 2015, She reasserted this claim in her Complaint on January 14, 2016 and in her proposed Scheduling Order which the Court approved on May 12, 2016. (Doc. # 17, p. 2, section 3.) Neither the Plaintiff nor any of her witnesses will testify that a hail storm occurred in her neighborhood on that date. Further, Plaintiff will produce no witness who inspected the roof and found hail damage. The only witnesses who inspected the roof and who will testify at trial regarding their opinions on whether the roof was damaged by hail or wind are Pacific's retained expert witness, John Gimple, and non-retained expert witness Dan Pszanka, the third-party roof expert who performed the inspection during the claim and provided the only report during the claim.

Pacific had a reasonable basis for its decision to deny the claim, and Plaintiff has produced no evidence to contradict this fact.

## IV.  **CONCLUSION**

Plaintiff cannot meet her burden of proof with respect to her claims for breach of contract, common law bad faith, and statutory bad faith. The only evidence presented to date shows that Pacific correctly declined the claim due to the lack of any hail or wind damage and that Pacific had a reasonable basis for this decision.

WHEREFORE, Defendant Pacific Specialty Insurance Company respectfully requests that the Court enter summary judgment in Defendant's favor and against Plaintiff and that the Court dismiss the civil action with prejudice, and for such other and further relief as this court deems proper and just under the circumstances.

Respectfully submitted this 17th day of January, 2016.

>Gifford Stevens, LLC
>*Duly Signed Original on file at*
>*Gifford Stevens, LLC*
>
>*/s/ Michael S. Power*
>Jennifer J. Gifford #26059
>Michael S. Power #28792
>1720 S. Bellaire St., Penthouse Suite
>Denver, CO 80222
>(303) 495-5988 telephone
>(303) 495-5855 fax
>jjg@giffordstevens.com
>msp@giffordstevens.com
>ATTORNEYS FOR DEFENDANT
>PACIFIC SPECIALTY INSURANCE
>COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2016, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was sent via *CM/EMF* to the following:

Jessica Mauser
David Roth
Speights & Worrich, LLC
116 Inverness Dr. E, Suite 270
Englewood, CO 80112
*Counsel for Plaintiff*

                                      *Duly Signed Original on file at Gifford Stevens, LLC*

                                      */s/ Michael Power*